*876 OPINION.
Maequette:
A personal service corporation is defined by section 200 of the Revenue Act of 1918 to be one “whose income is to be ascribed primarily to the activities of the principal owners or stockholders who are themselves regularly engaged in the active conduct of the affairs of the corporation and in which capital (whether invested or borrowed) is not a material income-producing factor :J« si«
The statutory elements above set forth must concur. Appeal of Bryant & Stratton Commercial School, Inc., 1 B. T. A. 32; Appeal of Scheffler Hair Colorine Co., 1 B. T. A. 61; Appeal of Cliver- *877 Wright-Rainey Co., 2 B. T. A. 561; Appeal of George A. Springmeier Co., 6 B. T. A. 698; Conklin-Zonne-Loomis Co. v. Commissioner, 6 B. T. A. 795.
We believe that the appellant corporations herein fall so far short of meeting the statutory requirements that extended discussion is unwarranted.
A sufficient statement of the Trust Company’s divergence may be made in the mention of four items; first, ownership and income from its lease of the Chamberlaine Building; second, profits from sale of the “ Church Street ” property; third, dividends; and fourth, the borrowing of large sums used to make advances to the Courtney Company and to some extent to the Trust Company clients, etc. See Appeal of Seaboard Mills, Inc., 5 B. T. A. 575; Appeal of George A. Springmeier Co., supra; Conklin-Zonne-Loomis Co., supra, and Matteson Co. v. Willcuts, 12 Fed. (2d) 447.
The entire income of the Courtney Company was derived through its lease of the Dickson Building. The lease was a capital asset. This petitioner falls squarely within the Board’s decision in the Appeal of Newam Theatre Corporation, 1 B. T. A. 887. See also Appeal of J. L. Kelso Co., 1 B. T. A. 1264, and Cotton Hotel Co. v. Bass, 7 Fed. (2d) 900.

Judgment will he entered for the Commissioner on 15 days’ notice, under Rule 50.

Considered by Phillips, Milliken, and Van FossaN.